UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AF HOLDINGS, LLC,

    Plaintiff,

    v.

JOHN DOE and JOSH HATFIELD,

    Defendants.
_____/

No. C 12-2049 PJH

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING DATE**

    Before the court is the motion to dismiss filed by defendant Josh Hatfield ("Hatfield"). Having read the parties' papers and carefully considered their arguments, the court finds that the motion must be GRANTED.

    Plaintiff AF Holdings LLC ("AF Holdings") filed this action on April 24, 2012, against Hatfield and one "Doe" defendant. AF Holdings alleges that the "Doe" defendant unlawfully downloaded and copied AF Holdings' copyrighted video ("the Video"), and that Hatfield failed to secure access to his residential Internet connection, thereby making it possible for the "Doe" defendant to engage in the unlawful downloading. The downloading is generally alleged to have been accomplished by using an online peer-to-peer file-sharing tool called BitTorrent.

    AF Holdings asserts two claims of copyright infringement and one claim of contributory copyright infringement against the "Doe" defendant, based on his/her/its alleged unlawful downloading and copying of the Video. AF Holdings does not allege claims of direct or contributory infringement against Hatfield, both of which claims require, among other things, "knowledge" of the infringing activity. See Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004). Instead, it asserts a single cause of action, for negligence.

The gist of AF Holdings' claim against Hatfield is that he had a "duty to secure his Internet connection," and that he "breached that duty by failing to secure his Internet connection." Cplt ¶¶ 58-59. Hatfield argues that this claim must be dismissed for failure to state a claim, or, in the alternative, that the court should order AF Holdings to provide a more definite statement. Because the court finds that the complaint fails to state a claim against Hatfield, the court finds it unnecessary to address the alternative motion for a more definite statement.

**DISCUSSION**

A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted).

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

B.   Defendant's Motion to Dismiss

Hatfield argues that the negligence cause of action must be dismissed for failure to state a claim, for three reasons – because the complaint does not allege facts sufficient to support the elements of the claim; because the negligence claim is preempted by § 301 of the Copyright Act; and because it is barred by immunity under the Communications Decency Act, 47 U.S.C. § 230.

1.   Elements of claim

Hatfield asserts that the negligence cause of action must be dismissed because the complaint fails to plead facts supporting the elements of the claim. The elements of a cause of action for negligence are duty, breach, proximate cause, and damages. Artiglio v. Corning, Inc., 14 Cal. 4th 604, 614 (1998). The existence of duty is a legal question to be resolved by the court. Id.; see also Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989). Hatfield argues that the negligence claim fails because the complaint alleges no facts showing that he had a duty to protect against infringement of AF Holdings' copyrights.

In its opposition to the present motion, AF Holdings argues that it seeks to hold Hatfield liable for "negligent maintenance of his residential network," which it asserts allowed a third-party to commit large-scale infringement of AF Holdings' copyrighted works. Specifically, AF Holdings alleges in the complaint that Hatfield owed it a duty to secure his Internet connection to prevent infringement of AF Holdings' copyrighted works. Cplt ¶¶ 58-60. Thus, the entirety of this claim involves the allegation that Hatfield failed to take certain steps – in other words, allegations of non-feasance (as opposed to misfeasance).

A defendant has no duty in situations of "non-feasance" unless a "special relationship" exists which would give rise to such duty. In <u>Weitrum v. RKO General, Inc.</u>, 15 Cal. 3d 40 (1975), the California Supreme Court explained that the general principle that "one is not obligated to act as a 'good samaritan'" is "rooted in the common law distinction between action and inaction, or misfeasance and nonfeasance." <u>Id.</u> at 49. The court noted that

> [m]isfeasance exists when the defendant is responsible for making the plaintiff's position worse, <u>i.e.</u>, defendant has created a risk. Conversely, nonfeasance is found when the defendant has failed to aid plaintiff through beneficial intervention. . . . [L]iability for nonfeasance is largely limited to those circumstances in which some special relationship can be established. If, on the other hand, the act complained of is one of misfeasance, the question of duty is governed by the standards of ordinary care . . . .

<u>Id.</u> at 49.

AF Holdings has not articulated any basis for imposing on Hatfield a legal duty to prevent the infringement of AF Holdings' copyrighted works, and the court is aware of none. Hatfield is not alleged to have any special relationship with AF Holdings that would give rise to a duty to protect AF Holdings' copyrights, and is also not alleged to have engaged in any misfeasance by which he created a risk of peril.

The allegations in the complaint are general assertions that in failing to take action to "secure" access to his Internet connection, Hatfield failed to protect AF Holdings from harm. Thus, the complaint plainly alleges that Hatfield's supposed liability is based on his failure to take particular actions, and not on the taking of any affirmative actions. This allegation of non-feasance cannot support a claim of negligence in the absence of facts showing the existence of a special relationship. See <u>Weitrum</u>, 15 Cal. 3d at 49.

    2.    Preemption

Hatfield asserts that the negligence claim must also be dismissed because it is preempted by § 301 of the Copyright Act, and because it is preempted under the doctrines of conflict preemption or field preemption.

Under 17 U.S.C. § 301 of the Copyright Act,
> all legal or equitable rights that are equivalent to any of the exclusive rights

4

> within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).

Hatfield contends that the negligence claim falls within the subject matter of copyright, and that AF Holdings is seeking to protect rights that are identical to the Copyright Act § 106 exclusive rights of reproduction, distribution, and so forth. Thus, Hatfield argues, the claim is preempted.

The Copyright Act explicitly makes the preemption analysis a two-step inquiry. See Valente-Kritzer Video v. Pinckney, 881 F.2d 772, 776 (9th Cir. 1989). The first question is whether the work at issue comes within the subject matter of copyright, as described in 17 U.S.C. §§ 102 and 103. See Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1137-38 (9th Cir. 2006); Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1150 (9th Cir. 2008). Here, it appears undisputed that the Video comes within the subject matter of copyright.

Given that conclusion, the court must undertake a second step, asking whether the rights granted under state law are equivalent to the exclusive rights of copyright holders as set forth in 17 U.S.C. § 106. Sybersound, 517 F.3d at 1150; Laws, 448 F.3d at 1137-38. That is, state law claims are not preempted simply because they fall within the subject matter of copyright – the rights asserted in the state law claims must also be rights that could have been asserted under the Copyright Act. NTD Architects v. Baker, 2012 WL 2498868 at *6 (S.D. Cal. June 27, 2012).

In order to ascertain whether a specific state cause of action involves a right equivalent to one of those identified in § 106, the court must look at each of the state law causes of action. Id. at *7; see also Andreas Carlsson Prods., AB v. Barnes, 2012 WL 2366391 at *8 (C.D. Cal. June 18, 2012). Most circuits have referred to an "extra element" test to determine if the claim asserts the same rights as those protected by the Copyright Act. If the claim contains an extra element, instead of or in addition to the acts of § 301

5

(reproduction, performance, distribution, or display), then the claim is not preempted by the Copyright Act. Id.

As noted above, the elements of a cause of action for negligence are duty, breach of duty, causation, and damages. Artiglio, 14 Cal. 4th at 614; Marlene F., 48 Cal. 3d at 588. In the complaint, AF Holdings alleges that Hatfield had a duty to "secure" his Internet access connection, that he "breached" this duty, and that his actions (failure to secure his Internet connection, allowing for the copying of the video, allowing for use of his Internet connection for unlawful activity) "interfered with" AF Holdings' "exclusive rights in the copyrighted work." Cplt ¶¶ 58-64.

The only "extra elements" that appear in the negligence cause of action are the elements of duty and breach of duty. As noted above, however, Hatfield had no duty to AF Holdings to secure his Internet connection in order to protect AF Holdings' materials from infringement.

Moreover, AF Holdings is seeking to protect its "exclusive rights" from "copying and sharing." Simply recharacterizing the claim as one of "negligence" does not add a legally cognizable additional element. See, e.g., Dielsi v. Falk, 916 F.Supp. 985, 992-93 (C.D. Cal. 1996). Thus, because AF Holdings alleges that Hatfield's action or inaction constituted interference with its "exclusive rights in the copyrighted work," the negligence claim is preempted by § 301 of the Copyright Act.

Because the claim is preempted under the Copyright Act, the court finds it unnecessary to address the "conflict preemption" or "field preemption" arguments.

    3.    CDA immunity

Finally, Hatfield contends that the negligence claim is barred by immunity under the Communications Decency Act ("CDA"), 47 U.S.C. § 230, which provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," 47 U.S.C. § 230(c)(1); and that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section," id. § 230(e)(3).

In order to claim § 230 immunity, a defendant must establish that he is a "provider or user of an interactive computer service;" that "the cause of action treat[s] the defendant as a publisher or speaker of information;" and that "the information at issue [is] provided by another information content provider." Gentry v. eBay, Inc., 99 Cal. App. 4th 816, 830 (2002); see Delfino v. Agilent Techs., Inc., 52 Cal. App. 4th 790, 804-05 (2006). Here, Hatfield asserts, he is being accused of providing Internet access to an individual who ultimately pirated AF Holdings" video. He contends that the act of providing access to a third party is exactly the type of activity that qualifies one for CDA immunity as the provider of an interactive computer service, and is specifically included in the definition in § 230.

In opposition, AF Holdings argues that the CDA was enacted to deter and punish the trafficking in obscenity, stalking, and harassment by means of computer, see 47 U.S.C. § 230(b)(5), and that Hatfield is "ineligible" for § 230 immunity because the negligence cause of action does not relate to "offensive material."

Courts have applied CDA immunity in cases where the claims had no connection to offensive speech. See, e.g., Gentry, 99 Cal. App. 4th at 829-30. In that case, the court noted that many courts have applied CDA immunity to tort causes of action asserted against interactive service providers, not limited to claims involving offensive speech or defamation, and concluded generally that CDA § 230(c)(1) "immunizes providers of interactive computer services (service providers) and their users from causes of action asserted by persons alleging harm caused by content provided by a third party." Id. at 830.

Here, Hatfield appears to meet the qualifications for CDA § 230 immunity. Nevertheless, in light of the finding that the negligence cause of action fails to state a claim, and that in any event, it is preempted by § 301 of the Copyright Act, the court finds it unnecessary to rule on the question whether the claim is also barred by CDA § 230 immunity.

**CONCLUSION**

In accordance with the foregoing, the negligence cause of action is DISMISSED. Because the court finds that amendment would not correct the deficiencies in this claim,

the dismissal is with prejudice.

As for the "Doe" defendant, the court notes that more than 120 days have passed since the action was filed. There is no indication that AF Holdings has served the "Doe" defendant with the summons and complaint, and no request for expedited discovery has been filed. Accordingly, no later than October 5, 2012, AF Holdings shall file a proof of service showing service of the summons and complaint. If AF Holdings fails to do so, the complaint will be dismissed without prejudice as to the "Doe" defendant, pursuant to Federal Rule of Civil Procedure 4(m).

The motion by Electronic Frontier Foundation for leave to file an amicus brief is DENIED.

The September 5, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: September 4, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

8